IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THERESA MALONE, et al. | Case No. 4:12cv3190 |
| Plaintiffs, | |
| vs. | **ORDER** |
| DOUGLAS KANTNER, et al. | |
| Defendants, | |

This matter came before the Court on the Plaintiffs' Motion to Compel. A hearing was held on August 26, 2014 to discuss the issues raised in that Motion and in the briefs presented by Counsel. After reviewing those Briefs and hearing arguments from Counsel:

A. Plaintiffs' Motion to Strike the defendants' brief, (Filing No. 186), is denied.

B. Plaintiffs' Motions to Compel, (Filing No. 117 and Filing No. 139), are granted in part and denied in part as follows:

1. The Plaintiffs have requested copies of all invoices related to transactions between Blue Valley Foods and Kantner Group, Kantner Ingredients, Chianti Cheese Company of New Jersey, Custom Dairy Products and Kantner Custom Dairy Products (collectively the "Kantner companies"). The Defendants are instructed to locate the Kantner Group Server and determine if a full imaging was performed. They will provide any invoices located on that server, names of those who have had access to it, and all metadata related to that server to the Plaintiffs.

2. The Plaintiffs have requested any documents related to the administrative fees Blue Valley Foods paid to Kantner Ingredients and

1

then subsequently to Kantner Group. That request includes documents related to what the administrative fee was comprised of and then how it was allocated to the Kantner companies and Blue Valley Foods. The Defendants believe they have provided all such documents, to the extent they still exist. The Defendants have agreed to perform a thorough search to verify that all such documents have been provided to the Plaintiffs. If additional documents related to the administrative fee are located by the Defendants, those will be provided to the Plaintiffs.

3. During the hearing the subject of whether the Plaintiffs have received all work Papers, backup information, and documents produced by Stroh Johnson, the accountants for the Kantner companies was raised. The Defendants will verify that all such documents have been provided and to the extent they have not been provided, the Defendants have agreed to provide such documents to the Plaintiffs and are ordered to do so.

4. The Plaintiffs have requested copies of all commission agreements and other arrangements the Defendants had with third parties, whereby the Defendants received commissions or other payments from sales made to Blue Valley Foods. The Defendants indicated they are unaware of any such arrangements. The Plaintiffs believe that Eurial Poitouraine and Armour as two companies that the Defendants had such arrangements with. The Defendants are instructed to make further inquiry as to this issue and to produce copies of all such documents that exist to the Plaintiffs.

5. The Plaintiffs have requested copies of all documents related to the Receivership. The Defendants indicated they believe they have produced all such documents. The Defendants will confirm that all such documents they are aware of have been produced to the Plaintiffs.

6. The Plaintiffs have requested the Sent Mail from all employees of the Kantner companies. Email from each individual's Inbox has been provided, but Sent Mail was not. The Defendants indicated they believe the Sent Mail is not available to be produced. The Defendants will produce information regarding the identity of the third party that examined the email and determine where that email was stored, what steps were taken to try to recover the Sent Mail, and whether the Sent

Mail is recoverable. If the Sent Mail is recoverable, the Defendants will produce it to the Plaintiffs.

7. The Plaintiff have requested all documents related to any setoff or settlement agreements to which Blue Valley Foods, Inc. was a party. The Defendants have filed a Motion to submit a document under seal, which motion was granted. That agreement related to a settlement of two lawsuits involving Defendant Kantner, IDI, Inc. and Blue Valley Foods. The Plaintiffs indicated that there is a separate setoff agreement involving Kantner Ingredients, Chianti Cheese, and JVM. The Defendants have agreed to try to locate any such documents and to produce them to the Plaintiffs and are ordered to do so. The Defendants further indicated that if that setoff agreement contains a confidentiality clause, they intend to file it under seal.

8. The Plaintiffs requested documents, correspondence, billings, and Court filings, which relate to attorney Wolinetz's representation of Blue Valley Foods, Inc. Copies of Mr. Wolinetz's billings, filings, or communications with third parties will be produced to the Plaintiffs. The other portions of Mr. Wolinetz's file requested by the Plaintiffs are covered under attorney client privilege and/or Work Product Doctrine and thus are not discoverable. The parties will try to resolve these issues in the next week.

9. The Plaintiffs have requested that the Defendants be required toproduce a Privilege Log, listing the documents they are claiming are privileged. The Defendants have made clear that while they have asserted privilege, they have not withheld any actual documents on the basis of privilege, other than documents described in the preceding paragraph, which are clearly privileged and for which no log is required. As such, no Privilege Log will be required.

Dated this 2nd day of September, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge