IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THERESA MALONE, individually and as a derivative action on behalf of Blue Valley Foods, Inc., a Nebraska corporation, et. al; <br><br> Plaintiffs, <br><br> vs. <br><br> KANTNER INGREDIENTS, INC., et. al; <br><br> Defendants. | 4:12CV3190 <br><br> ORDER |

The plaintiffs have moved to compel tax returns and related records for Blue Valley Foods, Inc., Douglas Kantner, and the Kantner Companies. (Filing No. 268).

BACKGROUND

As stated in the plaintiffs' brief:

> This action is at its heart a shareholder derivative action, whereby the Plaintiffs, as minority shareholders of the corporation, have requested a complete accounting of the corporate books of Blue Valley Foods, Inc. The primary aim of that is to determine whether and how Defendants Kantner and Rutter, as Directors of Blue Valley Foods, Inc., breached their fiduciary duties to the company or engaged in fraud or other wrongdoing that harmed the company.

(Filing No. 269).

On February 17, 2009, Blue Valley Foods (BVF) was placed into receivership by the Superior Court of the State of Arizona for the County of Maricopa. MCA Financial Group, Ltd. was the court-appointed receiver. (Filing No. 277-1, at CM/ECF p. 6). Over the following eight months, the assets of Kantner Ingredients, Inc. and BVF were liquidated by the receiver. All proceeds were used to pay either the garnishment held by

Christopher Michael & Associates or the loan owed to Wells Fargo Bank. The assets of both Kantner Ingredients, Inc. and BVF had been pledged as collateral to secure the Wells Fargo loan. (Filing No. 277-1, at CM/ECF p. 7).

BVF had ceased its production operations located in Hebron, Nebraska before the receiver was appointed. And by July of 2009, it had terminated its employees and ceased all operations. (Filing No. 277-1, at CM/ECF p. 8). On August 6, 2009, Defendant Douglas Kantner injected $125,000 to fund the Kantner Companies' operations. On August 21, 2009, he infused an additional $225,000 into the Kantner Companies to pay off the remaining debt owed to Wells Fargo. (Filing No. 277-1, at CM/ECF p. 10). As of October 26, 2009, the court-appointed receiver reported:

> The Receiver has liquidated the majority of assets of KI and BVF which were the collateral of WF. All proceeds were remitted to WF and used to reduce the debt owed by the Kantner Companies. In addition, MCA worked with Doug Kantner to liquidate the assets of KCDP which proceeds were also used to reduce the debt owed by the Kantner Companies. Doug Kantner also injected cash into the Kantner Companies sufficient to pay off the WF debt in full. As of the date of this report, both KI and BVF have terminated all employees and ceased operations and WF has been paid in full.

(Filing No. 277-1, at CM/ECF p. 13).

The above-captioned lawsuit was filed in the District Court of Thayer County, Nebraska on May 20, 2011. (Filing No. 1-1). The plaintiffs served discovery on Defendant Douglas Kantner in late-2011, and within that discovery, they demanded production of all state and federal income tax returns for BVF from 2002 through the present. In his response dated January 23, 2012, Douglas Kantner stated he had "no responsive documents and no access to any responsive documents. As indicated in the previous discovery responses, to the best of my knowledge all documentation was taken

by the receiver and dealt with and retained within the receivership." (Filing No. 119-1, at CM/ECF p. 10).

In their April 2012 responses to Plaintiffs' written discovery, Defendants stated "Blue Valley Foods has had no assets or operations since the sale of its assets in 2009," and "the receivership that was filed in 2009 stripped the officers and directors of Blue Valley Foods of any authority to act on behalf of Blue Valley Foods." (Filing No. 119-3, at CM/ECF p. 4). After tracking down information from outside sources, including the receiver, the defendants disclosed BVF's tax returns through 2009. It did not disclose the returns for the following years, stating BVF's post-liquidation tax returns were irrelevant to Plaintiffs' claims.

The case was removed to this forum on September 9, 2012. (Filing No. 1). ESI discovery battles ensued. During the course of that discovery, the defendants disclosed the 2010 through 2014 tax returns for BVF, and the 2010 personal tax return of Defendant Douglas Kantner. (Filing No. 241-1 through 241-6). After reading those documents, the plaintiff believes BVF continued as an ongoing business after the 2009 liquidation, and although the plaintiffs remained stockholders, they were not paid distributions and dividends in accordance with their shareholder interests.

The plaintiffs served additional document production requests, asking for Defendant Douglas Kantner's personal tax returns and the corporate tax returns for Kantner Ingredients, Inc., Kantner Group, Inc., Chianti Cheese of New Jersey, Inc., and Kantner Custom Dairy Inc. for the 2010-2013 tax years. Plaintiffs also request all working papers provided to the corporate entities' accountant for preparation of the returns, all documentation of inter-company transactions, and all documentation of funds received by these entities from June 31, 2009 to the present. (Filing No. 270-1). The defendants have refused to produce the requested documents, stating:

3

> The Defendants object to this request as it is seeking information that is neither relevant nor reasonably calculated to lead to admissible or relevant information. The Defendant companies were liquidated in 2009, and as reflected in the Second and Final Receiver's Report, after the sale of its assets by the Receiver, Blue Valley Foods wound down its operations, terminated its employees and ceased all operations. Any information or documents after that date is merely requested for purposes of harassment and other improper purposes, and the Defendants object to any request for information after the date the Defendant companies were liquidated.

([Filing No. 270-1](#)).

Plaintiffs have moved to compel full and complete discovery responses, claiming the requested information is relevant, and Defendants and their counsel have lied and hidden information during the course of this lawsuit. Plaintiffs claim that although they were BVF shareholders and BVF earned income between 2010 and 2013, they never received a K1 nor an income distribution during that time frame. Plaintiff's counsel states that the corporate tax return for BVF for 2010 establishes that in that tax year:

1) Intercompany accounts receivable from Kantner Custom Dairy Products increased from zero to $482,142.

2) Intercompany accounts receivable from Kantner Group increased from zero to $3,355,930.

3) Intercompany accounts payable to Chianti Cheese Company of New Jersey, Inc. increased from zero to $348,192.

4) Intercompany accounts payable to Kantner Ingredients increased from zero to $5,595,980.

([Filing No. 279, at CM/ECF p. 2-3](#)). Upon reviewing the report of Plaintiffs' accounting expert, Defendants' expert asked for information explaining the basis for BVF's receivables and payables entries for 2010. ([Filing No. 280-3](#)).

The record does not include any report or statement of an expert witness explaining BVF's post-liquidation tax returns. Upon the court's review, the BVF post-

liquidation returns include some positive numbers, many negative numbers, and an ultimate finding that BVF owed no income tax.

## ANALYSIS

To the extent not already disclosed by Defendants, any receipts and business documents underlying the accounts receivable and payable entries in BVF's 2010 tax return shall be provided to Plaintiffs. From the record before the court, it appears Defendants' expert needed this information to fully evaluate the case. And presumably that information was provided. The same information should be available for review by Plaintiffs' expert.

With that exception, Plaintiffs' motion to compel is denied. Plaintiffs' counsel argues that upon reading Douglas Kantner's 2010 tax return and BVF's post-liquidation tax returns, it is clear that BVF remained an ongoing business after it was liquidated. Plaintiffs claim the defendants have expressly and falsely denied or purposefully concealed BVF's post-liquidation business dealings and profit distributions.

The court is able to understand the court-appointed receiver's report to the Arizona court, including the statement that BVF's operations were shut down and its employees were terminated in 2009. Without expert assistance, the court is not capable of deciphering BVF's post-liquidation corporate tax returns. The information within Douglas Kantner's 2010 tax return and BVF's post-liquidation tax returns does not, to my lay understanding, show that BVF was resurrected as a going concern following its liquidation, and that profits were thereafter improperly withheld from the plaintiffs. Perhaps these tax returns support the plaintiffs' allegations; perhaps not. But the plaintiffs must make a threshold showing of relevance. And in the absence of any expert guidance explaining the tax returns currently before the court, the plaintiffs have failed to

meet their burden of showing the post-2009 tax returns of Douglas Kantner and the Kantner entities are relevant to the plaintiffs' claim that BVF continued as a business after it was liquidated.

In addition, the plaintiffs are pursuing this action as minority shareholders of BVF. The question of whether they remained shareholders following BVF's liquidation is currently before Judge Gerrard on a motion for summary judgment. The issue is also important for ruling on the pending motion to compel. That is, if the plaintiffs' shareholder status in BVF ceased at the time of BVF's liquidation, the financial information describing BVF's post-liquidation business transactions and associations is likely irrelevant—irrespective of whether BVF continued operating after it was liquidated.[1]

Accordingly,

IT IS ORDERED:

1) To the extent not already disclosed by Defendants, any receipts and business documents underlying the accounts receivable and payable entries in BVF's 2010 tax return shall be provided to Plaintiffs.

2) In all other respects, Plaintiffs' motion to compel, (Filing No. 268), is denied.

May 19, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[1] The undersigned magistrate judge will not address the potentially dispositive issue currently pending before Judge Gerrard when ruling on this discovery dispute.

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.